

# THE ATTORNEY GENERAL

## OF TEXAS

JOHN ~~GERALD C. MANN~~   AUSTIN 11. TEXAS

ATTORNEY GENERAL

Hon. Paul T. Holt
County Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-1474
Re: Whether certain real
property owned and used
exclusively by Seton
Infirmary of Austin,
Texas, is exempt from
Taxation under the laws
of this State.

We are in receipt of your letter in which you request an opinion of this Department as to whether certain property owned by Seton Infirmary is exempt from taxation under the laws of this State. The facts appear to be that a house is located on the grounds of Seton Infirmary which was formerly used as a nurses' home. During the last several years this property was used as a home for the caretaker of the premises of Seton Infirmary. It seems that Seton Infirmary receives no rent from the caretaker but just furnishes the house to him as a home free.

An examination of the facts reveals that the operations of Seton Infirmary bring it within the classification of a tax exempt hospital as set out by the Commission of Appeals of Texas, Section A, in the case of Santa Rosa Infirmary vs. City of San Antonio, 259 S. W. 926. We do not set out the facts relating to the operation of Seton Infirmary since they are practically identical with those of Santa Rosa Infirmary as set forth in that case. That is the leading case explaining which hospitals are exempt from taxation in this State. This exemption is based upon Article 8, Section 2 of our Constitution which reads in part as follows:

"The Legislature may, by general laws, exempt from taxation public property used for public purposes;..."

The exemption is also based upon Article 7150, Section 7 of the Revised Civil Statutes of Texas, which reads

as follows:

"All buildings belonging to institutions of
purely public charity, together with the lands belonging
to and occupied by such institutions not leased or other-
wise used with a view to profit, unless such rents and pro-
fits and all moneys and credits are appropriated by such
institutions solely to sustain such institutions and for the
benefit of the sick and disabled members and their families
and the burial of the same, or for the maintenance of per-
sons when unable to provide for themselves, whether such
persons are members of such institutions or not. An insti-
tution of purely public charity under this article is one
which dispenses its aid to its members and others in sick-
ness or distress, or at death, without regard to poverty
or riches of the recipient, also when the funds, property and
assets of such institutions are placed and bound by its laws
to relieve, aid and administer in any way to the relief of
its members when in want, sickness and distress, and provide
homes for its helpless and dependent members and to educate
and maintain the orphans of its deceased members or other
persons."

In discussing the above exemption the court in
the San Antonio case stated as follows:

"There is no claim here that any part of the hos-
pital building was leased out in the ordinary sense, but
it is insisted that, because the major part of the rooms in
the hospital were used to take care of pay patients, and
because surgeons, not themselves engaged wholly in a charit-
able work, were permitted to use the operating rooms for cer-
tain fixed charges imposed upon their patrons able to pay,
and because a certain ward was devoted to the charitable
work of St. Luke's Clinic, and because the dispensary or
small drug store in the building sold drugs to its pay
patients for a profit, the use of the property by the Sisters
of Charity became thereby nonexclusive by them, and also
deprived the organization of its characteristic as a purely
public charity. The Constitution does not in terms require
a charitable institution, if it may claim exemption from
taxation, to use its buildings exclusively for charitable
purposes, as it does require in the case of educational
institutions that they be used exclusively for educational
purposes, but the requirement is only that the buildings
be used by the charitable institution, as heretofore
pointed out."

Hon. Paul T. Holt, Page 3. (O-1474)

This case sets up two requiremets for the exemption from taxation of property of such a charitable institution. One, the property must be owned by the organization claiming the exemption; two, the property must be exclusively used by said organization. The facts in your case show that Seton Infirmary owns the property and the only question is whether or not the property which is furnished to the caretaker of the premises as a home, is being exclusively used by the organization. It is the opinion of this Department that it is so being used.

We think it no more than reasonable that a hospital of the size of Seton Infirmary should have a caretaker and overseer who resides on the premises to see that the same are not disurbed and are kept in good condition. Seton Infirmary charges the caretaker with no rent for the use of the property. Of necessity, the use of the home was considered as part of the caretakers compensation. What ever savings come from having this property for the use of the caretaker results to Seton Infirmary itself.

It is the opinion of this Department, therefore, that this property of Seton Infirmary which is used as a home for the caretaker on the premises is tax exempt.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By: /s/ Billy Goldberg
Billy Goldberg
Assistant

BG:pbp-dhs

APPROVED NOVEMBER 20, 1939

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
By /s/ BWB
CHAIRMAN